REGAN, Judge.
Plaintiff, Robert Jackson, as the owner of a 1949 Ford automobile, instituted this suit against the defendant, Edward J. Bagnell, conducting his business under the trade name of Crescent City Motor Exchange, individually and as agent for the General Engine Rebuilding Company, endeavoring to recover $238.40, representing the purchase price of a defective engine installed in plaintiff’s car by the defendant on or about September 9, 1954.
Defendant answered and generally denied the allegations of plaintiff’s petition and then specially pleaded “that the engine trouble of which plaintiff complains was not caused by any act or omission on the part of the defendant ***.** * that the engine trouble * * * was not the result of any ‘defects in material and factory workmanship’ as contemplated by the certificate of guarantee * *
From a judgment in favor of plaintiff as prayed for defendant has prosecuted this appeal.
The record reveals that the plaintiff and the defendant entered into an oral contract for the installation of a rebuilt engine in a 1949 Ford automobile for the price of $238.40. The work was completed by the defendant and paid for by the plaintiff on or about September 9, 1954, at which time he received a written guarantee, the pertinent portion of which reads:
“For a Period of One Hundred and Twenty Days from date installed or ten thousand miles (whichever occurs first) We Guarantee this assembly for passenger car service against defects in material and factory workmanship provided proper installation and operating instructions and procedures are followed. * *
On several occasions after receiving delivery of the car, plaintiff returned to defendant’s shop and complained that the engine was overheating. Defendant insists that he informed plaintiff that the reason therefor was a defective radiator and he had initially advised him thereof on or about the time that the rebuilt engine was installed in the vehicle. Plaintiff, on the other hand, disputes this assertion, and *135 contends that after the installation of the engine it consistently overheated and in response to several complaints the defendant then suggested repairing the radiator.
In any event, the radiator was repaired on October 9th, and, during the first week in November the “engine completely broke down” and subsequent investigation disclosed that it had “thrown a rod.”
Plaintiff contends that the engine breakdown was caused by a defect in the material or fault in the workmanship.
Defendant maintains that the cause thereof was “overheating” due to a defective radiator and that the plaintiff deliberately operated the vehicle prior to the repair thereof when he knew or should have known that it would result in damage to the engine.
The only question which is posed for our consideration is one of fact, and that is whether plaintiff’s improper operation of the engine resulted in its damage?
The trial court answered this question in the negative and our examination of the record fails to reveal any reversible error in her factual conclusions.
The defective radiator was repaired by and in conformity with the defendant’s advice on October 9, 1954, and the actual engine failure did not occur until the- first week in November or nearly a month later. Surely if “overheating” had damaged the engine, the defendant would have been fully aware of it on October 9th, when he repaired the radiator. We are, therefore,, of the opinion that the cause thereof was not plaintiff’s improper operation or abuse of the engine, — but the engine failure which occurred was: such as was contemplated and encompassed by the terms of the guarantee issued to plaintiff by defendant.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.